WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

JEFFREY SCHILLER, et al.,

Plaintiffs,

vs.

RITE OF PASSAGE, INC.,

Defendant.

No. 2:13-cv-0576-HRH

O R D E R

Motion to Dismiss Brian Poirier

Defendant moves to dismiss Brian Poirier from this action.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

Plaintiffs Jeffrey Schiller, Tyrice Roderick, and Michael Franz commenced this FLSA action on March 20, 2013. On March 29, 2013, they filed an amended complaint.[3]

[1]Docket No. 55.

[2]Docket No. 58.

[3]Docket No. 7.

Defendant moved to dismiss the amended complaint, and on June 5, 2013, the court granted the motion as to Schiller's FLSA retaliation claim, but otherwise denied the motion.[4] Schiller was given leave to amend his retaliation claim.

In July 2013, Daniel Keys, David Teran, Brian Poirier and Christopher Washington opted into this action.[5] On July 31, 2013, the court approved "a 120-day period ... for the parties to undertake discovery limited strictly to the issues of preliminary certification of this case...."[6]

On August 8, 2013, plaintiffs moved to file a second amended complaint to "add additional factual allegations, delete a dismissed cause of action, add the opt-in [p]laintiffs as named parties and add a new cause of action against the [d]efendant by [p]laintiffs Michael Franz and Chris Washington for unlawful retaliation under the Fair Labor Standards Act."[7] The court granted plaintiffs' motion to file a second amended complaint on August 27, 2013.[8]

---

[4]Docket No. 16.

[5]Docket Nos. 21-22, 24 & 27.

[6]Order re Case Status at 1, Docket No. 26.

[7]Plaintiffs' Motion for Leave to File a Second Amended Complaint at 1, Docket No. 29.

[8]Docket No. 35.

On November 4, 2013, defendant noticed the deposition of Brian Poirier for November 14, 2013.[9] At Poirier's request the deposition was moved to November 25, 2013.[10] Poirier did not appear for his deposition on November 25, 2013.[11] Counsel for the parties informally agreed to reschedule the deposition for November 26, 2013.[12] Poirier did not appear on November 26, 2013 for his deposition, and defendant filed a second amended notice setting his deposition for December 3, 2013.[13] On December 3, 2013, Poirier again failed to appear for his deposition, and plaintiffs' counsel "indicated that he has had difficulty getting ahold of [Poirier] to find out his intention to come for his deposition."[14]

Defendant now moves to dismiss Poirier from this action and requests that the court award it the attorney's fees and expenses that it has incurred in connection with preparing for and attending Poirier's deposition and filing the instant motion.

---

[9]Docket No. 42.

[10]Docket No. 48.

[11]Reporter's Affidavit of Nonappearance at 2, Exhibit 2, Defendant's Motion to Dismiss Brian Poirier [etc.], Docket No. 55.

[12]Id.

[13]Docket No. 53.

[14]Reporter's Affidavit of Nonappearance at 2, Exhibit 1, Defendant's Motion to Dismiss Brian Poirier [etc.], Docket No. 55.

Discussion

Rule 37(d)(1)(A)(i) provides that "[t]he court where the action is pending may, on motion, order sanctions if ... a party ... fails, after being served with proper notice, to appear for that person's deposition[.]" "A district court has the discretion to impose the extreme sanction of dismissal if there has been 'flagrant, bad faith disregard of discovery duties.'" Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991) (quoting Wanderer v. Johnston, 910 F.2d 652, 655–56 (9th Cir. 1990)).

> "Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993) (quoting Porter, 941 F.2d at 733).

Defendant argues that there has clearly been a flagrant, bad faith disregard of discovery duties here given that Poirier has repeatedly failed to appear for his deposition and given that his counsel, on the most recent occasion, noted that he was unable to reach Poirier to see if he planned to appear. Poirier, however, seems to suggest that there has not been a flagrant, bad faith disregard of his discovery duties because he was not an original plaintiff in this matter but a later opt-in and that to date, there has been no notice issued to

any opt-ins regarding their obligations in this lawsuit. But, as defendant points out, Poirier is a named plaintiff in the second amended complaint and thus he has a duty to participate in discovery. The fact that he was not an original named plaintiff does not excuse him from participating in discovery. Because Poirier has offered no explanation as to why he failed to appear for his deposition, the court concludes that there has been a flagrant, bad faith disregard of discovery duties here.

Turning then to consideration of the five factors, defendant argues that factors one and two weigh in favor of dismissal. Defendant contends that expeditious resolution of litigation and the corresponding need for the court to manage its docket is facilitated by parties actively participating in the litigation, not evading deposition notices and withholding testimony, as Poirier has done here.

Poirier seems to suggest that any delay was caused by defendant waiting until November 4, 2013, which was 24 days before the end of the 120-day preliminary discovery period, to notice his deposition. Poirier contends that if defendant were going to depose every plaintiff during the preliminary discovery period, it should have started sooner. However, as defendant points out, Rule 30(b)(1) only requires "reasonable written notice" be given for a deposition and "[c]ommonly, courts find that notice of at least five days is sufficient for a party's deposition." Pacific Maritime Freight, Inc. v. Foster, Case No.

10cv578–BTM (BLM), 2013 WL 6118410, at *2, n.2 (S.D. Cal. Nov. 20, 2013). Here, Poirier was given ten days, twenty days, and seven days notice.

That said, factors one and two do not weigh in favor of dismissal. The fact that Poirier failed to appear for his deposition has not delayed this case in any way or affected the court's ability to manage its docket. The motion for conditional certification was timely filed, and this case is proceeding as expected.

As for the third factor, defendant argues that it will be prejudiced if Poirier is allowed to remain in this action because it may not be able to depose him prior to trial or to a resolution of this case on its merits. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). In Adriana, the court found that the defendant had been prejudiced in part because of the plaintiff's repeated failure to appear at depositions. Id.

Poirier argues that defendant was not prejudiced by the failure to depose him during the preliminary discovery stage because defendant was able to depose the other named plaintiffs and at most discovered the unremarkable fact that different plaintiffs spent their time between 10 p.m. and midnight on the nights they stayed on site differently. Poirier also points out that defendant will have an opportunity to depose him during the

merits phase of this case and thus he argues that defendant has not lost its one shot at deposing him as defendant seems to suggest.

Although defendant may have been inconvenienced, it has not suffered any prejudice. Defendant has presented ample evidence in its opposition to plaintiffs' motion for conditional certification and defendant will have an opportunity to depose Poirier during merits discovery.

As for the fourth factor, defendant argues that this case will still be decided on the merits even if Poirier is dismissed because the claims of the other plaintiffs will still go forward. Poirier's suggestion that defendant has brought this motion to punish a former employee for opting into this lawsuit and that dismissal here would chill the desire of other former employees to opt in is meritless. The Federal Rules allow defendant to notice the deposition of an adverse party and then seek dismissal if that party does not appear for his deposition. That is all defendant has done here. Nothing about defendant's actions should chill the desire of other individuals to opt in. Because this case will be decided on the merits with or without Poirier as a plaintiff, this factor weighs in favor of dismissal.

As for the fifth factor, defendant argues that there are no sanctions less drastic than dismissal because certification discovery is closed and so it is too late for the court to order Poirier to appear for his deposition and assessing a monetary sanction will do nothing to mitigate the prejudice defendant faces. But, there are less drastic sanctions available here.

The court could order Poirier to appear at a deposition during the merits phase of this case and the court could also impose a monetary sanction against Poirier for his failure to appear.

When the five factors are considered, they do not indicate that dismissal of Poirier would be appropriate. But, that does not mean that some sanction should not be levied against him for his repeated failure to appear at his deposition during the preliminary discovery period.

Rule 37(d)(3) provides that "[i]nstead of or in addition to [other] sanctions, the court must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Court reporter fees and attorneys' fees incurred in preparing for and appearing at the missed deposition and in moving to dismiss the non-compliant party are recoverable under Rule 37(d)(3). Ottovich v. City of Fremont, Case No. C 09–4181 MMC, 2013 WL 5946076, at *5 (N.D. Cal. Nov. 5, 2013).

Defendant argues that it should be awarded the attorney fees and expenses it has incurred in connection with Poirier's failure to appear. Defendant contends that it has incurred $6,611.25 in attorney's fees and $112 in court reporter expenses.[15] These fees include defense counsel's work on the instant motion.

---

[15]Declaration of Steven Biddle [etc.] at 2-3, ¶¶ 10-12 & 14, Exhibits A and B thereto, Exhibit 4, Defendant's Motion to Dismiss Brian Poirier [etc.], Docket No. 55.

Poirier's counsel requests that if the court feels the need to impose monetary sanctions that they be limited to the $112 in court reporter expenses and for fees incurred for appearing at the missed deposition.[16] Poirier argues that defendant should not be awarded the fees incurred for preparing for his deposition as some of that preparation will serve defendant's purposes if it decides to depose him during merits discovery. Poirier also objects to an award of attorney fees for the preparation of the instant motion to dismiss because he argues that defendant had other options that would have been less costly, such as filing a similar motion if Poirier failed to appear during merits discovery or later moving for summary judgment on legal issues only.

Defendant contends that the deposition that its attorney prepared for was limited to issues of preliminary certification and thus that preparation will be of little use if Poirier's deposition is taken during merits discovery. Defendant also suggests that given the fact that Poirier has already failed to appear three times, there is little hope that he will appear during merits discovery and thus his contention that the instant motion was somehow premature is meritless.

Although defendant is entitled to some monetary sanctions, the court is not convinced that defendant is entitled to the amount of fees it has requested, in part because defendant's motion to dismiss Poirier is being denied. The court finds that the amount

---

[16]By the court's calculation this would be $1,068.75 in fees.

suggested by Poirier's counsel is sufficient to sanction Poirier for his repeated failure to appear at his deposition during the preliminary discovery stage of this case.

Conclusion

Defendant's motion to dismiss Poirier is denied, and defendant's request for an award of monetary sanctions against Poirier is granted in the amount of $1,180.75.[17] Poirier shall appear for deposition during merits discovery if defendant notices such deposition. Poirier is informed that any failure to comply with this court's order to appear for his deposition during merits discovery will result in immediate dismissal of his claims.

DATED at Anchorage, Alaska, this 14th day of February, 2014.

/s/ H. Russel Holland
United States District Judge

[17] Docket No. 55.