WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

JEFFERY SCHILLER, et al.,                    )
                                             )
                          Plaintiffs,        )
                                             )
              vs.                            )
                                             )
RITE OF PASSAGE, INC.,                       )
                                             )          No. 2:13-cv-0576-HRH
                          Defendant.         )
_____   )

<u>O R D E R</u>

<u>Motion for Collective Action Certification</u>

The named plaintiffs move for conditional collective action certification, for court-authorized notice to potential opt-in plaintiffs, and for expedited discovery.[1] This motion is opposed.[2] Plaintiff has filed a timely reply[3] to defendant's opposition, and defendant

_____

[1]Docket No. 54.

[2]Docket No. 56.

[3]Docket No. 57.

moves for leave to file a sur-reply.[4]   Oral argument was not requested and is not deemed

necessary.

Background

Plaintiffs are Jeffery Schiller, Tyrice Roderick, Michael Franz, Chris Washington,

Brian Poirier, David Teran, and Daniel Keys.  Defendant is Rite of Passage, Inc.

Plaintiffs are former or current "coach counselors" employed at defendant's Canyon

State Academy location in Queen Creek, Arizona.[5] More specifically, plaintiffs were or are

group living coach counselors,[6] who are "[p]rimarily responsible for the supervision and

mentoring of students to ensure the Right of Passage normative peer culture program is

consistently implemented."[7]

---

[4]Docket No. 59.

[5]Defendant has other facilities in Arizona and other states.  Declaration of Rick Wright at 2, ¶ 5, Exhibit 4, Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.  This action however only involves persons who were employed at Canyon State Academy.

[6]Defendant also employs control coach counselors, refocus coach counselors, and part-time coach counselors.  Wright Declaration at 4, ¶ 11, Exhibit 4, Plaintiffs' Motion for Collective Action Certification [etc.], Docket No. 54.  Wright avers that since March 20,2010, control coach counselors, refocus coach counselors and part-time coach counselors have not slept on site overnight.  Id.  Since March 20, 2010, defendant has employed approxi-mately 216 coach counselors at Canyon State Academy.  Id. at ¶ 10.

[7]Rite of Passage Position Description at 1, Exhibit 1-A, Plaintiffs' Motion for Collective Action Certification [etc.], Docket No. 54.

Group living coach counselors worked either the "A" shift or the "B" shift. The hours for the "A" shift were 6 a.m. to 10 p.m. Sunday to Tuesday and 6 a.m. to 2:30 p.m. on Wednesday.[8] The hours for the "B" shift were Wednesday 2 p.m. to 10:00 p.m. and Thursday to Saturday 6 or 8 a.m. to 10 p.m.[9] Group living coach counselors were "paid by the hour ... as ... non-exempt employee[s]. For hours over 40 ... worked in any given workweek, ... [they] received one and one-half [their] normal rate of pay."[10]

Group living coach counselors were required to stay overnight one night per shift.[11] Their job description expressly states that the position of group living coach counselor is "required to remain on site various nights during the assigned shift to provide overnight coverage in the event of an emergency. During these instances, the employee may be

---

[8]Declaration of Jeffery Schiller at 2, ¶ 8, Exhibit 1, Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.

[9]Declaration of David Teran at 2, ¶ 6, Exhibit 3, Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.

[10]Schiller Declaration at 3, ¶ 21, Exhibit 1, Plaintiffs Motion for Collective Action Certification, Docket No. 54.

[11]Schiller Declaration at 2, ¶ 10, Exhibit 1; Declaration of Christopher Washington at 2, ¶ 10, Exhibit 2; Teran Declaration at 2, ¶ 8, Exhibit 3; Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54. Roderick testified that he sometimes was required to stay overnight two nights per week. Deposition of Tyrice Roderick at 11:16-22, Exhibit 4, Defendant's Response [etc.], Docket No. 56.

awakened from sleep to assist on-duty ROP employees with an AWOL situation or other site security issue."[12]

Schiller, Washington, and Teran aver that on the nights they were require to stay over night, they were to clock out at 10 p.m., could leave the grounds if they wanted between 10 p.m. and midnight, but "were required to check in with the night staff assigned to our respective cottages by midnight" and then clock back in at 6 a.m. the following morning.[13] In reality, plaintiffs sometimes clocked out at 10 p.m. on the nights they were required to stay over and sometimes clocked out later. For example, Keys testified that he would clock at out 10 p.m. on the nights he stayed over,[14] but Roderick testified that he fairly frequently clocked out later than 10 p.m.[15] As for what they did between the hours of 10 p.m. and midnight on the nights they were required to stay over, Keys, Roderick, and

---

[12]Rite of Passage Position Description at 2, Exhibit 1-A, Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.

[13]Schiller Declaration at 2-3, ¶¶ 12, 15-16, Exhibit 1; Washington Declaration at 2, ¶¶ 12-13, Exhibit 2; Teran Declaration at 2, ¶¶ 13-14, Exhibit 3; Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.

[14]See Deposition of Daniel Keys at 34:21-25, Exhibit 3, Defendant's Response [etc.], Docket No. 56.

[15]Roderick Deposition at 42:15 - 43:8, Exhibit 4, Defendant's Response [etc.], Docket No. 56.

Teran testified that they did not leave Canyon State Academy.[16]  Schiller testified that he

would usually leave and Franz testified that he would sometimes leave.[17]

Defendant had its living group coach counselors sign a "coach counselor payroll

declaration" upon hire.  That declaration provided that the employee

> understand[s] and accept[s] that my employment is considered
> an alternative shift of 48 continuous hours with appropriate
> breaks and sleep time.  I agree that each 48 hour shift consists
> of three (3) 24-hours days and one (1) 7-hour day....  Twenty-
> four hour days included 14 hours of work time, two (2) hours
> of uncompensated break time and an unpaid eight (8) hours of
> sleep time.  The one 7-hour day includes six (6) hours of work
> time and one (1) hour of uncompensated break time.  Work
> related interruptions during sleep time will be compensated.
> If work related interruptions prevent five (5) hours of continu-
> ous sleep, [the employee] will be compensated for the entire
> day.[[18]]

Rick Wright, defendant's Human Resources Director, avers that defendant's policy "does

not provide for any 'break time' during a coach counselor's designated sleep-time period,

such as a break between 10:00 p.m. and midnight during an on-duty sleep time period of

---

[16]Keys Deposition at 40:6-14, Exhibit 3; Roderick Deposition at 17:14-18; Exhibit 4; Deposition of David Teran at 54:21-55:12, Exhibit 6; Defendant's Response [etc.], Docket No. 56.

[17]Deposition of Jeffery Allen Schiller at 54:25-55:7, Exhibit 5; Deposition of Michael Franz at 50:8-17; Exhibit 2; Defendant's Response [etc.], Docket No. 56.

[18]Exhibit 1-B, Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.

10:00 p.m. and 6:00 a.m."[19]  However, in a write-up given to Schiller, it was noted that "[a]ll staff staying overnight (on duty) [are] required to be back on campus by midnight."[20]

In their second amended complaint, plaintiffs assert a FLSA overtime claim on behalf of themselves and similarly-situated individuals, claiming that they should have been paid for their sleep time.  More specifically, plaintiffs contend that they should have been paid for the hours between midnight and 6 a.m. when they were required to be on the Canyon State Academy site.   Schiller, Washington and Teran all aver that they were not paid for the hours between 10 p.m. and 6 a.m. on the nights that they were required to stay at Canyon State Academy.[21]  Defendant contends that the "continuous shift" exemption in 29 C.F.R. § 785.22 applies to the group living coach counselors and thus that it was generally not required to pay the group living coach counselors for their sleep time.

The named plaintiffs now move for conditional certification of a collective action, for court-authorized notice to potential opt-in plaintiffs, and for expedited discovery.

_____

[19]Wright Declaration at 3, ¶ 7, Exhibit 4, Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.

[20]Verbal Counseling at 1, Exhibit 1-C, Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.

[21]Schiller Declaration at 3, ¶ 22, Exhibit 1; Washington Declaration at 3, ¶ 18, Exhibit 2; Teran Declaration at 3, ¶ 21, Exhibit 3; Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.

## Discussion

The FLSA requires employers to pay employees at least the federally-prescribed minimum wage and one-and-a-half times the employee's regular rate of pay for hours worked above forty hours in a workweek, unless the employee is exempt.  29 U.S.C. §§ 206(a), 207(a).  "Section 16(b) of [the] FLSA authorizes an employee to bring an action on behalf of similarly situated employees, but requires that each employee opt-in to the suit by filing a consent to sue with the district court."  Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1064 (9th Cir. 2000).  "FLSA collective actions serve to lower the cost of litigation for individual claimants and promote efficiency in resolution of claims and the use of judicial resources."  Bollinger v. Residential Capital, LLC, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011).  "In order to make certain that potential collective class members are notified of the action and their right to take part, the courts may authorize the issuance of notice by the named plaintiffs in an FLSA action to all other putative class members."  Id. "The decision to certify a collective action under the FLSA is within the discretion of the [c]ourt."  Singleton v. Adick, Case No. CV 09–486–PHX–JAT, 2009 WL 3710717, at *4 (D. Ariz. Nov. 2, 2009).

"To certify a class action under the FLSA, the [c]ourt must determine whether Named Plaintiffs and potential opt-in members are 'similarly situated.'"  Id. (quoting 29 U.S.C. § 216(b)).  Courts in this district have used the two-tiered approach to analyze

whether the named plaintiffs and potential opt-in plaintiffs are "similarly situated." Id. "Under the two-tiered approach, during the early stages of litigation, the [c]ourt evaluates the case under a lenient standard and may grant conditional certification." Id. "The [c]ourt then reevaluates, usually prompted by a motion for decertification, the 'similarly situated' question at a later stage, once discovery has produced sufficient information regarding the nature of the claims." Id.

This case is at the early stages of litigation,[22] and the named plaintiffs have moved for preliminary or conditional certification. "At this stage, the court 'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" Wood v. TriVita, Inc., Case No. CV–08–0765–PHX–SRB, 2009 WL 2046048, at *3 (D. Ariz. Jan. 22, 2009) (quoting Thiessen v. General Electric Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001)). "All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." Wertheim v. Ariz., Case No. CIV 92–453 PHX RCB, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993)(emphasis added). "Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a

---

[22]The parties were given leave to do limited discovery on the certification question.

very light burden in substantiating its allegations at this stage." <u>Prentice v. Fund for Public</u>

<u>Interest Research, Inc.</u>, Case No. C–06–7776 SC, 2007 WL 2729187, at *2 (N.D. Cal. Sept. 18, 2007).

> Courts have looked to several factors in determining whether plaintiffs are similarly situated for purposes of § 216(b), including:
>
>> (1) whether there is evidence that the alleged activity was part of an institution wide practice; (2) the extent of the similarities among the members of the proposed collective action, in particular whether the members all are challenging the same employment practice; and (3) the extent to which the members of the proposed action will rely on common evidence.

<u>Wood</u>, 2009 WL 2046048 at *3-4 (quoting <u>Trinh v. JP Morgan Chase & Co.,</u> 2008 WL 1860161, at *3 (S.D. Cal. April 22, 2008)).  While the court does not make factual determinations at this stage, "neither the remedial purposes of the FLSA, nor the interests of judicial economy, would be advanced if [the court] were to overlook facts which generally suggest that a collective action is improper."   <u>West v. Border Foods, Inc.</u>, Civil No. 05-2525 (DWF/RLE), 2006 WL 1892527, at *7 (D. Minn. July 10, 2006).

The named plaintiffs seek conditional certification of a putative class consisting of any coach counselor who worked at Canyon State Academy in the last three years.[23]  As

_____

[23]Proposed Notice at 1, Exhibit 5, Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.

an initial matter, plaintiffs' proposed class is too broad because not all coach counselors at Canyon State Academy were required to stay overnight. Defendant has presented evidence, which plaintiffs have not rebutted, that there were different types of coach counselors employed at Canyon State Academy and that some coach counselors were not required to stay overnight. Thus, the putative class is limited to Canyon State Academy coach counselors who were required to sleep or stay on-premises overnight without pay.

As to that potential class, plaintiffs have met their light burden of showing that they are similarly situated to potential opt-in members of the class. Plaintiffs have offered evidence in the form of declarations that suggests that all group living coach counselors were the victims of a single policy, namely the policy that defendant would not pay them for their overnight stay even though they were allowed to leave the Canyon State Academy site between the hours of 10 p.m. and midnight on those nights. The declarations plaintiffs have offered suggest that defendant had a uniform policy and practice that group living coach counselors, on the nights they stayed overnight, had to clock out at 10 p.m.; could do what they wanted until midnight, at which time they had to be back at their assigned cabin or cottage; and then had to clock back in at 6 a.m. Plaintiffs and all potential opt-in plaintiffs will be challenging the same employment practice, which was defendant's practice to not pay them for their sleep time.

The "common classification" of all group living coach counselors as non-exempt hourly employees also "supports the conclusion that the [putative] class members are similarly situated[,]" although as defendant points out "this common classification alone is not sufficient to justify certification."   Taylor v. Autozone, Inc., Case No. CV–10–8125–PCT–FJM, 2011 WL 2038514, at *2 (D. Ariz. May 24, 2011).  But, the named plaintiffs have not relied "solely on proposed class members' common status as exempt." Id.  They have offered declarations from three of the named plaintiffs.  In addition, all group living coach counselors were given the same job description, which is evidence that there are common issues of fact here.  Id.

There is also a legal nexus that binds together the FLSA overtime claims of the putative class members.  For each FLSA overtime claim asserted by a named plaintiff or a potential opt-in plaintiff, the court will have to determine whether defendant was exempt from paying the group living coach counselors for the hours between midnight and 6 a.m. on the nights they were required to stay overnight.

The named plaintiffs also argue that the addition of opt-in plaintiffs who claim to be similarly situated to the named plaintiffs supports conditional certification.  See Singleton, 2009 WL 3710717, at *5 (that eight other persons had "opted in" was evidence that named plaintiffs were similarly situated to members of the putative class).  The evidence of other opt-ins in this case, however, is slight.  Besides the current named

-11-

plaintiffs, only Jason Mitchell has opted in.[24]  And, as defendant points out,  in July 2013, Franz posted information about this lawsuit on his Facebook page and encouraged other coach counselors to opt in[25] and he sent out a similar message through an IPhone application, which he claims approximately 400 other coach counselors downloaded,[26] yet since July 2013, only two individuals have opted in.  Thus, plaintiffs cannot claim interest in this litigation as a basis for conditional certification.

Nonetheless, plaintiffs have met their light burden of showing that they are similarly situated to other potential class members.  Contrary to defendant's contention,  the fact that plaintiffs spent their time between 10 p.m. and midnight differently does not mean this matter, if certified, will "become an unmanageable collection of mini-trials."[27]  Similarly, the fact that some of plaintiffs testified that they would not clock out until 11 p.m. on the nights they stayed over does not mean that conditional certification is not appropriate. These are minor factual differences.  This is not a case where "[t]he variety of different circumstances under which [plaintiffs] were allegedly required to work unpaid overtime ... weighs against certification."  Castle v. Wells Fargo Financial, Inc., Case No. C 06-4347

---

[24]Docket No. 33.

[25]Exhibit 9, Defendant's Response [etc.], Docket No. 56.

[26]Franz Deposition at 46:14-47:18, Exhibit 2, Defendant's Response [etc.], Docket No. 56.

[27]Defendant's Response [etc.] at 13, Docket No. 56.

SI, 2008 WL 495705, at *5 (N.D. Cal. Feb. 20, 2008).  Thus, the court will conditionally certify a collective action of current and former coach counselors who worked at Canyon State Academy between March 20, 2010 and the present who were required to sleep or stay on the premises overnight without pay.

Because the court has determined that conditional certification is appropriate, it must consider the named plaintiffs' request that the court authorize notice be given to the putative class members.  The named plaintiffs have submitted a proposed notice,[28] to which defendant has raised some objections, which are addressed below.

First, defendant requests that any notice should be circulated at plaintiffs' expense. Plaintiffs state that they had presumed that they would pay for circulation of the notice.

Second, defendant contends that the court has already determined that a 45-day opt-in period is sufficient,[29] as opposed to the 60-day period plaintiffs are now requesting. Plaintiffs concede that the court has already determined that a 45-day opt-in period is sufficient, but they respectfully request that the court reconsider this and allow for a 60-day period given the amount of time that has passed since this case was commenced.

---

[28]Exhibit 5, Plaintiffs Motion for Collective Action Certification [etc.], Docket No. 54.

[29]See Order re Case Status at 2, Docket No. 26.

The court will permit the 60-day opt-in period plaintiffs have requested. Sixty days is not an unreasonably long opt-in period and is consistent with what the court has done in other FLSA collective actions.

Third, defendant contends that it is not appropriate for the top of the notice to read "United States District Court for the District of Arizona", as this suggests that the notice is coming from or otherwise sponsored by the court. <u>See Schemkes v. Presidential Limousine</u>, Case No. 2:09–cv–1100–GMN–PAL, 2011 WL 868182, at *4 (D. Nev. Mar. 10, 2011) (court agreed with the defendant "that it is not necessary to use the caption of the case and refer to this Court on the notice"). Defendant argues that the court should require plaintiffs to remove the name of the court from the top of the notice, or in the alternative, require them to put the complete caption on the notice and add immediately underneath a disclaimer in bold that the court has not made any determination on the merits and that authorization to distribute the notice does not mean that plaintiffs have or will prevail.

The named plaintiffs have agreed to add a statement to the notice that reads: "The Court has not made any determination on the merits and the authorization to distribute this notice does not mean that the Plaintiffs have prevailed or will prevail on this matter."[30] The named plaintiffs wish to leave the heading on the notice that reads "United States

---

[30]Redlined Proposed Notice at 1, attached to Plaintiffs' Reply [etc.], Docket No. 57.

-14-

District Court for the District of Arizona." The named plaintiffs' compromise addresses the primary concern raised by defendant and is accepted by the court.

Fourth, defendant contends that plaintiffs should be required to revise the notice to state that defendant "denies any and all liability in this lawsuit, including Plaintiffs' allegations that the FLSA requires overtime compensation during Coach Counselors' designated sleep time."[31] The named plaintiffs have agreed to this change with a minor modification, which the court accepts.

Fifth, defendant objects to the reference to "regular" wages in the proposed notice because recovery under the unpaid wages provision of the FLSA is limited to minimum wage and overtime compensation. Thus, defendant argues that plaintiffs should change all references to "regular and/or overtime wages" to "overtime wages." The named plaintiffs have agreed to remove all references to "regular pay" but state that they are "bewildered by this request" because the "modification fails to consider the possibility that a Coach Counselor may have worked overnight without pay without incurring more than 40 hours."[32] The named plaintiffs state that "[i]f Defendant is stipulating that all overnight hours are overtime hours, Plaintiff[s are] happy to make this change."[33]

---

[31]Defendant's Response [etc.] at 16, Docket No. 56.

[32]Plaintiffs' Reply [etc.] at 6, Docket No. 57.

[33]Id.

The notice should refer only to overtime wages.  If the coach counselors who slept over night were required to be paid for their sleep time, any issues as to whether that time for a particular coach counselor on a particular day was overtime or regular time can be resolved in the damages phase of this case.

Sixth, defendant contends that the notice does not include any language informing putative class members that they may need to participate in discovery, including written discovery and depositions, and trial, if they elect to opt in.  See Sanchez v. Sephora USA, Inc., Case No. 11–03396 SBA, 2012 WL 2945753, at *7 (N.D. Cal. July 18, 2012) (noting that there is authority that recognizes "the propriety of including such information to adequately advise the potential class regarding the litigation").  Although the right to "individualized discovery" in FLSA cases "remains unsettled[,]" Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175, 1179 (9th Cir. 2008), the court agrees with defendant that this information should be included in the notice.  Potential class members need to be aware that the possibility exists that they may have to participate in discovery.

Finally, defendant points out that the notice does not contain any language informing putative class members that they may be liable for defendant's attorneys' fees and costs, if they opt in and plaintiffs do not prevail.  See Barrera v. US Airways Group, Inc., Case No. CV–2012–02278–PHX–BSB, 2013 WL 4654567, at *9 (D. Ariz. Aug. 30, 2013) ("The Court also agrees with Defendant that the 'Legal Effects' section of the notice must

-16-

be amended to advise potential opt-in plaintiffs that they may be liable for costs and attorney's fees if Defendant prevails"). Although prevailing FLSA defendants may only be awarded attorney fees in certain situations, the court agrees with defendant that potential class members should be made aware of the possibility of having to pay defendant's attorney's fees if plaintiffs do not prevail.

Lastly, plaintiffs request that defendant be ordered to provide the names and addresses of all current and former Canyon State Academy coach counselors for the preceding three years. Such discovery is appropriate in collective actions. Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003). Defendant shall produce a list of all former and current Canyon State Academy employees for the last year three years who meet the class definition. This list shall be produced within ten days of the entry of this order.

Conclusion

The named plaintiffs' motion[34] for conditional certification of a collective action of current and former coach counselors who worked at Canyon State Academy between March 20, 2010 and the present who were required to sleep or stay on the premises overnight without pay is granted. Defendant shall produce a list of all current and former coach counselors meeting the class definition within ten days of the entry of this order. The

---

[34]Docket No. 54.

parties shall submit a jointly revised proposed notice on or before March 4, 2014. If the parties cannot agree as to the notice, they may request a telephonic conference with the court.

Defendant's motion[35] for leave to file a sur-reply is denied.

DATED at Anchorage, Alaska, this 18th day of February, 2014.

/s/ H. Russel Holland
United States District Judge

---

[35]Docket No. 59.